10/23/24, 10:21 PM    Gmail - Notice & Demand - Precincts, Paper Ballots & the U.S. Const.    EXHIBIT A 1

Case 1:24-cv-04987-MHC    Document 1-1    Filed 10/31/24    Page 1 of 8

 **Gmail**    GoReclaim Georgia <goreclaimgeorgia@gmail.com>

## Notice & Demand - Precincts, Paper Ballots & the U.S. Const.
31 messages

**GoReclaim Georgia** <goreclaimgeorgia@gmail.com>    Tue, Oct 8, 2024 at 6:16 PM
To: GoReclaim Georgia <goreclaimgeorgia@gmail.com>
Bcc: egale@mcintoshcounty-ga.gov, maddox.denise2@gmail.com, vaughn.gable@haralsoncountyga.gov, bschreiner@buttscounty.org, elections@co.newton.ga.us, ymack@hallcounty.org, voterreg@dekalbcountga.gov, darin.mccoy@evanscounty.org, csnell@longcountyga.gov, deidre.holden@paulding.gov, jphillips@trc-lawfirm.com, shonda@applingco.com, lellison@habershamga.com, jwinter@turnercountygeorgia.com, cbaxter@madisonco.us, lbolton@lincolncountyga.com, atcoelections@hotmail.com, arussell@baconcounty.org, Carla Heard <bd.elect@bakercountyga.com>, baldwinprobate@yahoo.com, registrars@co.banks.ga.us, mfranklin@barrowga.org, kirkj@bartowcountyga.gov, electionsbenhill@aol.com, belections@windstream.net, tgillon@maconbibb.us, jfordham@bleckley.org, bcelections@btconline.net, brookscoelections@windstream.net, cindyreynolds@bryan-county.org, burkereg@burkecounty-ga.gov, projudgeholder@windstream.net, ddfelix@co.camden.ga.us, candlerprobate@gmail.com, elections@carrollcountyga.com, catoosaelections@catoosa.com, bhodges@charltoncountyga.gov, biwooten@chathamcounty.org, jonigoodwin@yahoo.com, chattoogaelections@hotmail.com, voterhelp@cherokeega.com, Charlotte Sosebee <charlotte.sosebee@accgov.com>, clayprobatejudge@gmail.com, elections@claytoncountyga.gov, clinchelections@clinchcountyga.gov, ElectionsInfo@cobbcounty.org, rachel.roberts@coffeecounty-ga.gov, ngay@columbiacountyga.gov, cookelections@windstream.net, agay@coweta.ga.us, b.peacock@crawfordcountyga.org, elections@crispcounty.com, tvaughan@dadecounty-ga.gov, gferguson@dawsoncounty.org, elections@decaturcountyga.gov, al.mccranie@yahoo.com, dooly.county.elections@gmail.com, docovoterregelections@dougherty.ga.us, bdofelections@co.douglas.ga.us, elections@earlycounty.org, judgerodgers@planttel.net, boe@effinghamcounty.org, kcurry@emanuelco-ga.gov, elections@fannincountyga.org, electionsgroup@fayettecountyga.gov, voter@forsythco.com, tcreason@franklincountyga.gov, elections.voterregistration@fultoncountyga.gov, gilmerelections@ellijay.com, probate@glascockcountyga.com, glynnelections@glynncounty-ga.gov, shicks@gordoncounty.org, Kathleen Coine Mayers <ckathleen@greenecountyga.gov>, voterregistration@gwinnettcounty.com, elections@hallcounty.org, boer@hancockcountyga.gov, sjarrett@harriscountyga.gov, registrar@hartcountyga.org, tadams@heardcountyga.com, aypitts@co.henry.ga.us, elections@houstoncountyga.org, electionsirwincounty@aol.com, "Jennifer E. Logan" <jelogan@jacksoncountygov.com>, jasperprobate@bellsouth.net, jeffdaviselections@gmail.com, sgray@jeffersoncountyga.gov, probate8@gmail.com, dkillingsworth@johnsonco.org, marion.hatton@jonescountyga.org, smayfield@smithwelchlaw.com, elections@laniercountyboc.com, jacksonge@dlcga.com, elections@lee.ga.us, elections@libertycountyga.com, longcountyelections.csnell@gmail.com, elections@lowndescounty.com, elections@lumpkincounty.gov, macoboer@windstream.net, marioncountyelect@gmail.com, phyllis.brooks@thomson-mcduffie.net, elections@bullochcounty.net, sjones@bullochcounty.net, weslewis@ccboc.com, voterreg@dekalbcountyga.gov, ecprobate@hotmail.com, pete.mcdonald@floydcountyga.org, egale@darientel.net, p.threadgill@meriwethercountyga.gov, millerprobate@gmail.com, lcox@mitchellcountyga.net, kwarren@monroecoga.org, rmoxsand@hotmail.com, jdoran@morgancountyga.gov, vote@murraycountyga.gov, muscogeeelectionsandregistration@columbusga.gov, sgregg@oconee.ga.us, mwaller@oglethorpecountyga.gov, elections@paulding.gov, adrienne-ray@peachcounty.net, sagodfrey@pickenscountyga.gov, leah.ritch@piercecountyga.gov, dneyhart@pikecoga.com, nbeck@polkga.org, vote@pulaskico.com, berlaseter@gmail.com, quit.judge@gqc-ga.org, twhitmire@rabuncounty.ga.gov, vote@boerandolphcountyga.gov, richmondelections@augustaga.gov, absentee@rockdalecountyga.gov, mway@windstream.net, probate.hderriso@planters.net, seminoleprobate@gmail.com, kslaughter@spaldingcounty.com, krista@stephenscountyga.gov, tbrinson@stewartcountyga.gov, rhoward@sumtercountyga.us, elections-registration@talbotcountyga.org, ccstephenstcpj@yahoo.com, tattnall_elections_24@yahoo.com, Mindy Bass Voter Registrar <votetaylorga@gmail.com>, telfairprobate@gmail.com, carolyn03@windstream.net, frank.scoggins@thomascountyga.gov, leila.dollison@tiftcounty.org, cachenbach.toombs.elections@gmail.com, tcelections@townscountyga.com, judgemclendon@gmail.com, elections@troupcountyga.gov, dstephens@twiggscounty.us, lizeams@windstream.net, electionsinfo@upsoncountyga.org, elections@walkerga.us, elections@co.walton.ga.us, cnelson@warecounty.com, probate@warrencountyga.gov, clhagans@washingtoncountyga.gov, tthornton@waynecountyga.us, websterfinance@windstream.net, wcregistrars@windstream.net, jody.davis@whitecounty.net, mhammontree@whitfieldcountyga.com, wilcoxcountyelectionsga@outlook.com, thomascharping@wilkescountyga.org, elections@wilkinsoncounty.net, wcboe.supervisor@gmail.com, susan@goreclaimga.org, tedmetz@gmail.com, Mbhodges4@hotmail.com, lisarutherford6990@gmail.com, jessieb77@outlook.com

Dear County Election Official or Designee,

With respect to the support and defense of the U.S. Constitution and Georgia Constitution in your county jurisdiction, we ask that you carefully review the attached demand notice. It is entitled "NOTICE AD LITEM DEMAND FOR REQUIRED

ACCOUNTING OF PAPER BALLOTS AT ALL PRECINCT LOCATIONS AT THE GENERAL ELECTION ON NOVEMBER 5, 2024."

This notice for your Election Superintendents, Election Board Members, Official Designees, Precinct Chief Managers and Assistant Managers acting with sworn responsibility in your jurisdiction under O.C.G.A. §§ 21-2-70 and 21-2-94/95. As the responsible recipient, we ask that you take heed to distribute it to at least the other responsible addressed county officials and personnel mandated to comply with Georgia Election Code and Constitution.

By administering State law on Nov. 5, 2024, you will protect poll workers and citizens from injury.

This Notice Ad Litem Demand is pursuant to these ends, and we ask your reply as to your affirmative compliance plans by October 11, 2024.

Feel free to reach out to us if you have any questions.


Respectfully submitted for your action,

Sarah E. Thompson
Susan P. Opraseuth

GoReclaimGA, LLC


📎 **Precinct U.S. Const. Demand 10.8.24.pdf**
205K

State of Georgia



# NOTICE AD LITEM DEMAND FOR REQUIRED ACCOUNTING OF PAPER BALLOTS AT ALL PRECINCT LOCATIONS AT THE GENERAL ELECTION ON NOVEMBER 5, 2024

October 8, 2024

To: All Respective County Election Offices in Georgia, USA

Sent by: GoReclaimGA, LLC, goreclaimgeorgia@gmail.com

RE: Demand for Required Accounting of Paper Ballots at Precinct Locations on November 5, 2024 General Election

Dear County Election Superintendents, Election Board Members, Official Designees, Precinct Chief Managers and Assistant Managers in all jurisdictions:

     As the responsible recipient of this legal compliance demand letter for your county, we ask that you take heed to distribute it to at least the other responsible addressed county officials and personnel mandated to comply with Georgia Election Code and Constitution. By administering State law on **Nov. 5, 2024, you will protect poll workers and citizens from injury.**

     Your county has utilized the ImageCast-X Dominion Voting System since the Presidential Preference Primary of March 2020. It is considered an optical scanning voting system with a **distinct paper ballot feature** per O.C.G.A. § 21-2-2(19.1). This maintains the human factor of all Georgia Elections to equally protect the expressed will of Georgia citizens.

     **The Georgia Supreme Court has judged O.C.G.A. § 21-2-437 to be in full force and effect. The State Law requires that poll managers duly certify votes ink-tallied directly from <u>hand counted paper ballots</u> at each precinct location before property transport**. This is undeniably "required accounting" of O.C.G.A. § 21-2-420. Elections by paper ballot must also be conducted at constitutionally legislated places. The Precinct Election Location is based on legislated election jurisdictions within the State of Georgia. (O.C.G.A. § 21-2-2(27) & (28)). Poll managers must duly certify paper ballot vote totals of electors at each Precinct Election Location. This is the essential basis for County and State election certifications.

     Egregiously, State election officials[1] and the Georgia Department of Law / State

---

[1] On Oct. 6, 2022, Blake Evans, State Elections Director, sent you the following Buzz Post memo: "Deciding to have poll workers hand count ballots at each polling location on election night is <u>not</u> something your poll workers should do." He told you that "poll workers should not prolong the process of removing ballots from ballot boxes and sealing them in transport containers." He directed you to do this "immediately after the polls have closed." He refers to SEB Rule 183-1-12-.12, which cannot supersede law. Link to Memo.

Attorney General[2] have distributed memorandums that advise you and other election officials to conduct elections in ways that are contrary to State law. Their counsel opposes direct judgments of the Supreme Court of Georgia. See *Rhoden et al. v. Athens-Clark County Board of Elections et al.*, 310 Ga. 266 (2020) and *Jones et al. v. Norris*, 262 Ga. 468 (1992).

---

**Because we have indication that counties are following the guidance of State officials versus statutory law, this letter serves as your formal <u>Notice and Demand to immediately comply with Georgia Election Law in preparation for the general election.</u>** Unlawful election training and administration appears to be occurring in your constitutional jurisdiction. You are now receiving ample warning that your jurisdiction is subject to these State laws governing use of paper ballots at Precinct Election Locations and their post Election Day transparency in the impending November 5, 2024 general election.

We ask that you attend well and provide due care to prompt compliance with the **fully effective requirements of O.C.G.A. § 21-2-437 (a) and (b).** To support rightful election transparency to county electors, **O.C.G.A. § 21-2-72 clearly requires that county election superintendents provide them them with an ability to inspect and photocopy election records, including used paper ballots**. Records must be provided following Election Day, during usual business hours. No prohibitions exist.

**Notice is hereby served that** despite "memos" by officials of the State of Georgia, you remain responsible for your actions under both general State law and as subjects of the jurisdiction of the governing authority of your county (Ga Const. Art. IX (Home Rule)). **As a sworn county-level election official, you must follow State law regardless of what the other officials advise**. O.C.G.A. § 21-2-70 requires you (7) to make and issue such rules, regulations, and instructions, consistent with law… (8) to instruct poll officers and others in their [lawful] duties… (9) to certify the results to such authorities as may be prescribed by law, (10) to perform such other duties as may be prescribed by law, and (15) to swear an oath: to make a true and perfect return of such primaries and elections. O.C.G.A. § 21-2-94 & 95 require precinct managers and clerks to swear an oath to make [certify] a true and perfect return of election results at their respective precinct locations as well.

**Notice is hereby served that** all political power is inherent in We the People and that we have a right to lawfully instruct our government (Ga Const., Art. 1, § 2).

**Notice is hereby served that** when We the People provide lawful instruction in pursuance of the highest law, the U.S. Constitution and Georgia Constitution, good faith demands that such instruction be obeyed. We repeat, State officials have advised you contrary to black letter law and you are, by oath and duty, responsible for any acts that you conduct as an election official of your county. **You do not have power to regulate elections outside of State law**. Furthermore, any of your prior acts or agreements, not made in pursuant of the highest law,

---

[2] On Sept. 19, 2024, the Office of the Attorney General of the State of Georgia distributed a legal memo, stating on pg. 6: "Neither the statutes that prescribe the duties of poll officers after the close of polls for precincts using voting machines… nor the precincts using optical scanners… suggest that the General Assembly contemplated that a hand-count of the ballots would be part of the "required accounting." This is false. Hand counting of paper ballots is a requirement of election law at all precinct locations. The clear requisite steps to precinct certification O.C.G.A. § 21-2-437 (a) and (b) is required accounting of O.C.G.A. § 21-2-420(a). Link to 9.19.24 State AG Memo.

2

are inferior and shall promptly yield to the people's lawful instruction. This is a general principle of law.

Some of the highest laws are as follows:

<u>U.S. Const. Art. 1, § 4</u> (The Times, **Places** and **Manner of holding Elections** for Senators and Representatives, shall be prescribed **in each State** by the Legislature thereof),

<u>U.S. Const. 14th Am.</u> (failing to regulate elections constitutes state action **impacting the equal protection of citizens**). See *Gray v. Sanders,* 372 U.S. 368 (1963),

<u>Ga Const. Art. 2, § 1, Par. 1</u> (elections shall be conducted in accordance with procedures **provided by law**), and

<u>Federal Law: 52 U.S.C. § 10101 (e)</u> **"vote" includes all action necessary to make a vote effective** including, but not limited to, registration or other action required by State law prerequisite to voting, casting a ballot, and **having such ballot counted and included in the appropriate totals of votes cast** with respect to candidates for public office and propositions for which votes are received in an election.

**Notice is hereby served that** a constitutional and lawful election includes the counting of votes at a designated **place**, reflective of the U.S. Const. Art. 1, § 4. O.C.G.A. § 21-2-2 (27) "**Polling place**" means the room provided in each precinct for voting at a primary or election. (28) **"Precinct"** is synonymous with the term "voting precinct" and means a **geographical area**, established in accordance with <u>this chapter</u>, from which all electors vote at one polling **place**.

**Notice is hereby served that** former Code 1933 § 34–3101, which is current O.C.G.A. § 21-2-520 et seq. for election contests, provides by inference that an election may be invalidated for noncompliance with the requirements of law, if the election is not held at the proper time and **place** by persons qualified to hold the same, *McCluney v. Stembridge,* 206 Ga. 321, 326 (1950). **When the place has been fixed, an election held at a different place is absolutely void.** 29 C.J.S. Elections § 331. Required ministerial acts of election include the hand counting of paper ballots, the counting of votes, ink tallies, and certification of returns by precinct managers at the **fixed Precinct Election Location**.

**Notice is hereby served that O.C.G.A. § 21-2-437, in compliance with the Georgia Constitution, prescribes by law the procedure for lawfully certifying elections** at each of the over 2,700 voting precincts throughout the State of Georgia. This is <u>**required accounting after polls close**</u> and <u>**before any transport**</u> of sealed materials from the Precinct Election Location to the county election superintendent. It mandates that each chief precinct manager, after the poll closes, immediately coordinate with other poll workers to (per a): 1) count the total number of **"paper ballots,"** 2) read aloud the names of candidates marked or written on **"paper ballots,"** and 3) make account of every vote as read aloud from **"paper ballots"** on inked tally papers. **Only after administering the mandates of 1, 2, & 3 can poll officers <u>duly certify</u>**, as follows:

3

O.C.G.A. § 21-2-437 (b) When the vote cast for the different persons named upon the ballots and upon the questions, if any, appearing thereon, shall have been fully recorded in the tally papers and counted, **the poll officers shall duly certify** to the number of votes cast for each person and question and shall prepare **in ink** a sufficient number of general returns.

**Notice is hereby served that** O.C.G.A. § 21-2-437, last amended in 2021, has a long-standing legislative history tracing directly back to the Georgia Code of 1863, § 1234.

**Notice is hereby served that** it is established law that **paper ballots are part of the constitutional voting processes in Georgia**. O.C.G.A. § 21-2-2(1) "Ballots" means "official ballot" or **"paper ballot"** and shall include the instrument whether paper, mechanical or electronic by which an elector casts his or her vote." O.C.G.A. § 21-2-2(19.1) "Optical scanning voting systems" means a system employing **paper ballots**.

**Notice is hereby served that the Supreme Court, State of Georgia <u>has been clear on this issue</u>:**

> **1.** *Rhoden v. Athens-Clarks Cnty. Bd. of Elections*, 310 Ga. 266 (2020). Ballots are fundamental to elections. The holding of Justice Bethel, with all participating Justices concurring, in October 2020, directly affirms the current force and effect of O.C.G.A. § 21-2-437 alongside the electronic system. The judgment includes this statement:
>
>> Voting system whereby voters utilized electronic ballot marking devices to make and confirm their selections for each office, and were then provided a printed paper version of their completed ballot to review and feed into an electronic tabulating device that optically scanned the paper, **was <u>an election conducted with "paper ballots," and were subject to statutory provisions governing use of paper ballots:</u>** optical scanning voting systems and electronic ballot markers were **technologies that assisted** elections boards in conducting elections **via paper ballots, and were <u>not a substitute for paper ballots.</u>** Ga. Code Ann. §§ 21-2-2(2.1), 21-2-2(19.1), **21-2-437**, 21-2-438.
>
> Also,
>
>> On July 27, 2020, the superior court entered an order denying the appellants' requested relief and dismissing their petition. In that order, the superior court found that the election had been conducted **with paper ballots** with the <u>assistance</u> of an optical scanning voting system and electronic ballot marking devices, noting that these were simply "alternate systems for marking or employing **paper ballots**." The superior court thus determined that, under *Jones*, **O.C.G.A. §§ 21-2-437 (d)** and 21-2-438 (a) applied to this election… *Rhoden*, 310 Ga. 266 at 144. The Ga Supreme Court affirmed.
>
> **2.** *Jones v. Norris*, 262 Ga. 468 (1992). Chief Justice Clarke of the Ga Supreme Court held that a "cardboard ballot "marked" by a punch is subject to statute providing, with respect to conduct of elections using paper ballots." In *Rhoden*, the Justices stated:

4

> Our decision in *Jones* contemplates that **multiple technologies** for marking and counting paper ballots **can be used** in a given election and that the election should still be deemed to have been **conducted via paper ballots.**

**Notice is hereby served that** the Georgia Legislative Branch may only write law that does not abrogate the Georgia Constitution. State Election Board Rules, Election Office Memos/Bulletins, and advice of the State Attorney General are initiated from the Executive Branch. The **Executive Branch of government has no authority to write law or give directives that supersede the law as written**. Directives, SEB Rules, EOBs, and Legal Memos have no force and effect of State law.

**Notice is hereby served that** We the People intend to exercise our inherent right to regulate our internal government by inspection of **election documents** per the explicit provision of O.C.G.A. § 21-2-72. This statute unequivocally recognizes the right of Georgia county electors to both inspect and photocopy election documents, including used paper ballots, in the elections of their respective counties. They may present themselves to assert this right during usual business hours. There is no law or court order prohibiting this public election property transparency, which is long-considered as necessary and verifiable for constitutional legal action following an election.

**Notice is hereby served that,** per U.S. District Court Official Certified Transcripts, Mr. Bryan Tyson, Attorney for the Georgia Secretary of State, made the following statement:[3]

> It is critically important that this Court recognize that **as a matter of law**, as a matter of practice **counties run elections in Georgia with assistance from the State.** We've had the *Fair Fight* decision that covered that. And ultimately, again in a post *Jacobson* world *(citing Jacobson v. Florida Sec. of State*, 974 F.3d 1236, 1256-58 (11th Cir. 2020), you can't bind the counties through the Secretary because **the counties have their own independent legal obligations for how they conduct elections.** *Curling v. Raffensperger,* 493 F.Supp.3d 1264, 1308-09 (pg 109) (11th Cir, 2020).

**Notice is hereby served that** an election **is absolutely void** when not held at the proper **time and place** by persons qualified to hold it. *Smiley v. Gaskin,* 115 Ga. App. 547 (1967), which held this, is an annotation of O.C.G.A. 21-2-9.[4] As such, **the Nov. 5, 2024 general election will be void if qualified precinct managers do not lawfully certify general returns from ink tallies of votes from paper ballots at each Precinct Election Location per O.C.G.A. § 21-2-437.** Holding an election at the proper time and place is **essential to its validity.**

---

[3] Fleetwood, S. (2024, January 23) Read The Court Transcripts From The Major Election Integrity Trial In Georgia. *The Federalist.* https://thefederalist.com/2024/01/23/read-the-court-transcripts-from-the-major-election-integrity-trial-in-georgia/.

[4] In most American jurisdictions the failure to comply with a statute establishing the time and place for elections is not regarded as a mere irregularity, *Gray v. Reorganized School District R-4 of Oregon County,* 356 S.W.2d 55 (Mo.1962), and the holding of an election at the time and place provided by law is **deemed essential to its validity.** *Smiley v. Gaskin,* 115 Ga.App. 547, 154 S.E.2d 740 (1967); *Davis v. Page,* 217 Ga. 751, 125 S.E.2d 60 (1962); *892 Gann v. Harrisburg Community Unit School District,* 73 Ill.App.2d 103, 218 N.E.2d 833 (1966). As cited in *Kelly v. Vill. of Greenwood,* 363 So. 2d 887, 891–92 (La. 1978).

**Final Notice is hereby served that you** are bound by oath to: 1) **Declare the law effective as written,** 2) **Administer** the manual counting of paper ballots, tallying of votes thereon, and ensure certification of the general returns from ink tallies at each precinct location by poll managers per O.C.G.A. § 21-2-437, and 3) **Administer** the county elector's right to photocopy and inspect public election property, including used paper ballots per O.C.G.A. § 21-2-72.

**We the People rely on you to uphold State Law. Without your adherence, Georgia will forfeit its constitutional sovereignty in yet another election and our guarantee of a republican representative form of goverment in U.S. Const. Art. 4, § 4.**

We give you until **October 11, 2024, 5:00 pm** to communicate with us by email your intent to comply with: 1) **O.C.G.A. § 21-2-437,** including paper ballot vote count, tally, and certification at the precinct election locations and 2) **O.C.G.A. § 21-2-72,** including inspection and photocopy of the actual used paper ballots during usual business hours directly following Election Day. **Failure to reply will indicate to us that you have no intent to comply with these laws, as written, and plan to leverage the use of the electronic system to do so.**

This is a serious matter involving the filing of documents in an attempted state and federal election. It includes votes by rightfully entitled citizens for the next U.S. President. When the votes have been fully recorded in the tally papers and counted from paper ballots, **poll officers must duly certify** to the number of votes cast for each person theron. This must occur at Precinct Election Locations. Without general returns certified from paper ballots at Precinct Election Locations, there can be no lawful county or state certification.

If a lawsuit is commenced against you as a result of your willful negligence and intent to commit violations of law, you will be notified of the hearing date. You will be entitled to appear at the hearing and present any defense you have to claims impending or committed violations.

Respectfully submitted for your action,

_(signature)_  
Susan P. Opraseuth (Fulton County)  
GoReclaimGA, LLC  
8815 Windward Parkway  
Alpharetta, GA 30005  
goreclaimgeorgia@gmail.com/803-702-0387

_(signature)_  
Sarah Thompson (Bulloch County)  
GoReclaimGA, LLC  
8815 Windward Parkway  
Alpharetta, GA 30005  
goreclaimgeorgia@gmail.com/803-702-0387

Note: GoReclaimGA's mission is to exchange with, educate, and empower Georgia citizens toward constitutional and local political advocacy. We are not licensed attorneys.