# Reminder: Urgent Call for Proposed Exec. Elections Ord. - Due by 2pm, 10.25.24

From　freedomwinsusa@protonmail.com <freedomwinsusa@protonmail.com>

To　cmcgowan@sos.ga.gov, bevans@sos.ga.gov, mkelling@sos.ga.gov, sellis@sos.ga.gov, brian.kemp@georgia.gov, kristyn.long@georgia.gov, brad.raffensperger@sos.ga.gov, briankemp82@gmail.com, ORR Administration<openrecords@sos.ga.gov>, elections@sos.ga.gov, sospressoffice@sos.ga.gov, corporations@sos.ga.gov, mbarnes@sos.ga.gov, securities@sos.ga.gov, plb@sos.ga.gov, sossouth@sos.ga.gov, sosnorthwestga@sos.ga.gov, jfervier.seb@gmail.com, JJohnstonMD.seb@gmail.com<jjohnstonmd.seb@gmail.com>

CC　Ted Metz<tedmetz@gmail.com>, Susan Opra<SusanUSA@protonmail.com>

Date　Friday, October 25th, 2024 at 2:01 PM

Governor Kemp, Secretary Raffensperger and to whom this may concern,

This is a courtesy reminder of the 2:00 PM reply and compliance deadline submitted to you yesterday regarding your sworn duties related to constitutional elections within the State of Georgia.

What we call upon you to execute is authorized state action to directly protect the the federal voting rights of Georgia voters from any unlawful interference or deprivation of rights under color of law. Our elections should also be protected from rampant criminal activities.

There is apparent imminent injury that your government should not continue to move toward on November 5th on account of any negligence, refusal to perform, or unlawful intent. Your administration has publicly and aggressively stated on national news (10.14.24) that action to execute the law, which appears to include specific provisions of O.C.G.A. 21-2-437, is "misguided" and "risky." To whom?

Act Now to ensure our laws are faithfully executed, as is your duty under GA Const., Art. 5. In doing so, you will protect our state sovereignty under U.S. Const., 10th Am. and protect our guaranteed form of government under the Art. 4, Sec. 4.

Our elections are currently by paper ballot and our poll officers must certify at every polling place of every federal voting area on Nov. 5th.

If we have misconstrued these laws and the order of The Supreme Court of Georgia in *Rhoden v. Athens-Clarke Brd. of Elections* (Oct 2020), we welcome your advisement. Your silence towards us will indicate that you do not have a lawful rebuttal to these arguments involving our written defense of our personal, federal right to vote under 52 USC, Sec. 10101(e).

Respectfully,

Sarah E. Thompson
for Edward T. Metz, Susan P. Opraseuth, and myself

Note: Mr. Metz and I are former U.S. military, maintaining our original oaths to support and defend the U.S. Constitution

Sent from Proton Mail for iOS

On Thu, Oct 24, 2024 at 1:24 PM, freedomwinsusa <freedomwinsusa@protonmail.com> wrote:

Governor Kemp, Secretary Raffensperger, and to whom this may concern,

We the People propose an **EXECUTIVE ORDER TO MAINTAIN UNIFORMITY OF ELECTION LAW IN THE NOVEMBER 5th PRESIDENTIAL GENERAL ELECTION.**

See attached, with deadline.

Respectfully submitted,

Sarah E. Thompson
for Edward T. Metz, Susan P. Opraseuth, and myself

Sent with Proton Mail secure email.

**191.52 KB**  1 file attached

Proposed Executive Order – Elections.pdf  191.52 KB

October 24th, 2024

To:        State of Georgia
           Brian P. Kemp, Governor of the State of Georgia
           Brad Raffensperger, Secretary of the State of Georgia

Sent by:   Ted Metz (Cobb County), Susan Opraseuth (Fulton County), and Sarah Thompson (Bulloch County)

RE: **PROPOSED** EXECUTIVE ORDER TO MAINTAIN UNIFORMITY OF ELECTION LAW IN THE NOVEMBER 5th PRESIDENTIAL GENERAL ELECTION

Dear Governor Kemp and Secretary Raffensperger,

You are in a covenant with Georgia citizens. Article II of the Georgia Constitution requires that all elections be conducted in accordance with State laws. This protects constitutional provisions and the rights of citizens. Article V states that "The Governor shall take care that the laws are faithfully executed and shall be the conservator of peace throughout the state." The Secretary of State is Georgia's chief election official who must certify only lawful elections. We the People call upon you to protect our 10th Amendment state sovereignty by taking **IMMEDIATE ACTION TO DEFEND OUR STATE SYSTEM OF GOVERNMENT GUARANTEED TO US BY THE U.S. CONSTITUTION.**

Federal law defines "vote" to include the casting **and counting** of the vote. Federal voting areas in Georgia include over 2,700 Voting Precincts and hundreds of advance in-person polling locations within all county jurisdictions (52 U.S.C. § 10101(e)). These are **fixed locations** of election per O.C.G.A. § 21-2-265(a), where hand count of paper ballot returns and ink tallies must occur as required accounting. The centralized government tabulation center does not comply with the law.

Poll returns of paper ballot vote counts must be duly certified by **sworn** poll officers based upon O.C.G.A. §§ 21-2-420, 21-2-437. This must occur **prior to** transferring the voted paper ballots to county election superintendents and their staff. Yet, the forced transfer of this property within minutes of the closing of the polls on Nov. 5th is imminent.

Uniformity of law is essential, and lawless acts in our elections should **never be encouraged**. In an October 14, 2024 interview by The Washington Post, Secretary of State Brad Raffensperger directly intimidated county-level compliance by calling hand counting of paper ballots "misguided and risky"[1]

---

[1] *Press Release: Raffensperger Defends Georgia's Election Integrity Act from Last Minute Changes*, https://sos.ga.gov/news/raffensperger-defends-georgias-election-integrity-act-last-minute-changes-delaying-election (last visited Oct 20, 2024). (Sec. Raffensperger stated: "Misguided efforts to impose new procedures like hand counting ballots at polling locations make it likely that Georgians will not know the results on Election Night.

1.

This statement is astounding since The Georgia Supreme Court ruled in *Rhoden v. Athens-Clarke Brd of Elections* (Oct. 19, 2020) that O.C.G.A. § 21-2-437 is in full force and effect, **despite having assistant technology of the optical scanning system.** Georgia taxpayers funded a system of **paper ballots,** which is stated in the definition for "optical scanning voting system" (O.C.G.A. § 21-2-2(19.1)). Therefore, the ballots MUST BE HUMAN COUNTED FROM OUR PAPER BALLOTS AT OUR PRECINCT LOCATIONS.

O.C.G.A. § 21-2-493(g), which governs county-level tabulation of returns states: "The figures announced for all precincts shall be compared by one of the assistants **with the tally paper** from the respective precincts." There is no provision of Georgia Election Law allowing county agents to reconcile or consolidate the duly certified precinct returns with generated reports of the electronic system.

Georgia has only one chance to get this right. An election **is absolutely void** when not held at the proper TIME and PLACE by persons qualified to hold it. *Smiley v. Gaskin,* 115 Ga. App. 547 (1967). This includes the election of presidential electors pursuant to 3 U.S.C. § 1. Mandates of law require county and state certification of only lawful returns per O.C.G.A. §§ 21-2-493 and 21-2-499. Furthermore, the Governor must issue only lawful certificates of election and commissions per O.C.G.A. § 21-2-502 based upon a lawful manner of election at **Precinct Locations**.

All sworn poll officers, amounting to approximately 16,000 - 20,000 citizens, must receive the protection of these State laws in the conduct of their duties. Election officials must also be protected in the performance of their sworn duties. It is your duty to ensure that State laws be uniformly promulgated and announced throughout this state to maintain order. This is so that the federal voting rights of each citizen are protected at the TIME and PLACE they vote.

As chief law enforcement officer, no sworn election official or poll officer should live in fear of arrest or criminal charges by the government for conducting paper ballot procedures according to O.C.G.A. § 21-2-437. This conclusion is upheld by an unambiguous ruling of The Georgia Supreme Court in *Rhoden*. However, without a statewide constitutional directive to maintain order at this critical time, it appears that broad unlawful activities are imminent:

> O.C.G.A. § 16-10-20.1 (Filing false documents); § 45-11-1 (Offenses involving public records); § 21-2-562 (Fraudulent entries); § 21-2-604 (Criminal solicitation to commit election fraud; penalties); § 21-2-603 (Conspiracy to commit election fraud); § 16-10-20 (False statements and writings); § 21-2-596 (Failure of public or political officer to perform duty); § 21-2-600 (Punishment for felonies under chapter); § 16-10-71 (False swearing); § 16-10-1 (Violation of oath by public officer); § 16-9-53 (Damaging, destroying, or secreting property to

---

Additionally, having poll workers handle ballots at polling locations after they have been voted introduces a new and significant risk to chain of custody procedures.")

defraud another); § 16-2-20 (When a person is party to a crime; aiding and abetting) and § 16-2-21 (Who did not directly commit the crime). There are also apparent violations of § 45-10-3 (Code of ethics for members of boards, commissions, and authorities). At least the following federal violations appear to be pending: 18 U.S.C. § 595, 18 U.S.C. § 241, and 18 U.S.C. § 242.

Any attempt through your administration to charge poll officers with the commission of crimes in the performance of the lawful act of duly certifying the returns by accounting methods required in O.C.G.A. § 21-2-437 is against the interest of our great state.

We call upon you to demonstrate your compliance plans to us directly in writing by 2:00 PM on Friday, October 25th, 2024.

Respectfully submitted,

_Edward T. Metz_
_____
Edward T. Metz  (Cobb County)

Mableton, GA  30126

TedMetz@gmail.com

_Sarah E. Thompson_
_____
Sarah E. Thompson (Bulloch County)

Statesboro, GA  30461

freedomwinsusa@protonmail.com

_Susan P. Opraseuth_
_____
Susan P. Opraseuth,  (Fulton County)

Alpharetta, GA  30005

SusanUSA@protonmail.com


c: David Dove, Krystyn Long, Charlene McGowan, Blake Evans, Stephen Ellis, Meaghan Kelling (by government email addresses)



# THE STATE OF GEORGIA

## **PROPOSED** EXECUTIVE ORDER

FOR THE GOVERNOR:

**Statutory Provisions Governing the Required Human Count and Tally of Votes from Paper Ballots are in Force and Effect on November 5th, 2024.**

Pursuant to a true, perfect, and certifiable state return, this order directly protects the voting rights of Georgia citizens. Sworn election officials act within state and county jurisdictions, while poll officers conduct elections at over 2,700 voting precincts and hundreds of advance in-person polling locations. These fixed places of election are within federal voting affected areas by O.C.G.A. 21-2-265(a) under U.S. Const. Art 1, § 4 and 52 U.S.C. § 10101(e).

Secretary of State Raffensperger has consistently informed the public on behalf of the State of Georgia that all votes are cast utilizing a "paper-ballot system." On October 19, 2020, The Georgia Supreme Court affirmed that laws for paper ballot procedures must be applied.

Justices concurred in *Rhoden v. Athens-Clarke Brd of Elections* (Oct 2020), specifically, that O.C.G.A. § 21-2-437 "Procedures as to Count and Return of Votes Generally" is in full force and effect. This means that poll officers must hand count (human count) our paper ballots and votes by traditional ink-tally methods from Georgia Code of 1863, § 1234. The judgment states:

> "...Optical scanning voting systems and electronic ballot markers are technologies that assist elections boards in conducting elections via paper ballots. In that regard, they are simply an adjunct to an election conducted with paper ballots —not a substitute for paper ballots." Ga Code Ann. 21-2-2(2.1), 21-2-2(19.1), 21-2-437, 21-2-438.

**ORDERED: That, to ensure uniformity of law and a ministerial mandate, all sworn poll officers will duly certify their general return at their respective voting location based on human count of the cast votes and ink-tallies per O.C.G.A. § 21-2-437(a)(b).** That election superintendents ensure that this mandate be conducted at fixed voting precincts and advance in-person polling locations to include 100% of our paper ballots cast by **any** means. That polls officers duly certify before transferring voted paper ballot property to the county superintendent. That election superintendents use **codified paper ballot procedures** as the basis for county-level certification and not that for voting machines.
(3 U.S.C. § 1, O.C.G.A. §§§§ 21-2-420, 21-2-493, 21-2-499, 21-2-501, and 21-2-502).

This Order shall be effective upon signature.

This 24th Day of October 2024.

_____

Drafted for the GOVERNOR